**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 06-300-JBC**

**JANET JOHNSON**                                                    **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**MICHAEL ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,**                           **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Disability Insurance Benefits (DE 8, 9). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Commissioner properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court

does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a forty-two-year-old female with a twelfth-grade education. AR 24, 71. She has past relevant work ("PRW") experience as an assembly worker, cashier, waitress, and cook. AR 24. She alleges disability beginning on April 11, 2004, due to back pain, scoliosis, an ankle fracture, ovarian cysts, hip problems,

and depression. AR 71, 348-52, 358-64. The plaintiff filed a claim for Disability Insurance Benefits ("DIB") on June 8, 2004, which was denied initially and on reconsideration. AR 19. After a hearing held on January 30, 2006, Administrative Law Judge ("ALJ") Roger L. Reynolds determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. At Step 1, the ALJ determined that the plaintiff had not engaged in substantial gainful activity. At Step 2, the ALJ found that the plaintiff's chronic low back pain due to scoliosis, left hip dysplasia, status post ankle fracture, depression, and polysubstance abuse were severe impairments; he also determined that the plaintiff's dysfunctional uterine bleeding was a non-severe impairment. The ALJ then found that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments at Step 3. At Step 4, the ALJ determined that the plaintiff was unable to perform her PRW. The ALJ concluded at Step 5, however, that the plaintiff could perform a significant number of other jobs in the national economy at the light and sedentary exertional levels. AR 21-26. On July 27, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, *see* AR 8-11, and she then commenced this action.

### III. Legal Analysis

The plaintiff claims that the ALJ's opinion is not supported by substantial evidence for four reasons: (1) the ALJ failed to consider her impairments in combination; (2) the ALJ failed to give appropriate weight to the opinion of her

treating physician; (3) the ALJ erred in finding that her impairments did not meet or equal a listing in the Listing of Impairments; and (4) that the ALJ erroneously evaluated her credibility. The court will consider these arguments in turn.

### A. Combination of Impairments

The plaintiff asserts that the ALJ failed to consider the cumulative effect of her physical and mental impairments. This contention is belied by an examination of the ALJ's written opinion. In determining which of the plaintiff's impairments were severe, the ALJ considered the medical conditions claimed by the plaintiff to be disabling. AR 21-23. The ALJ found that the plaintiff's chronic low back pain, dysplasia, status post ankle fracture, depression, and polysubstance abuse were severe impairments and that the plaintiff's dysfunctional uterine bleeding was a non-severe impairment. *Id.* He determined that her uterine bleeding was non-severe because it had "no more than a minimal effect on the claimant's ability to perform basic work activities." AR 23. Further, at Step 3 of the five-step analysis, the ALJ found that the plaintiff did not have "an impairment or *combination of impairments*" that met or equaled one of the listings in the Listing of Impairments. AR 23 (emphasis added). Finally, the ALJ carefully analyzed the plaintiff's impairments that he found caused work restrictions and incorporated those restrictions into the plaintiff's RFC.[1] *See* AR 23-25. As the plaintiff has presented no evidence that her

---

[1] Specifically, the ALJ concluded that the plaintiff's back and ankle problems limited the amount of weight that she could carry and the amount and type of movement that she could sustain at a job; that her ankle pain prevented her from using foot pedals; and that her depression required that she have a job with simple

condition imposes work limitations other than those in the ALJ's RFC determination, the court finds that the ALJ properly considered the plaintiff's impairments singly and in combination. *See Loy v. Sec'y of Health and Human Servs.,* 901 F.2d 1306, 1310 (6th Cir. 1990) (holding that the ALJ did not fail to consider impairments in combination when he referred to them in the plural form and incorporated all of them into his hypothetical question).

**B. Treating Physician**

The plaintiff also claims that the ALJ improperly rejected the opinion of her treating physician, Dr. Finley Hendrickson, who opines that the plaintiff is disabled and unable to work. AR 221; *see also* AR 253-54. The opinions of a treating physician are entitled to significant deference. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a medical opinion of a treating physician is not contradicted, it is entitled to complete deference. *Walker v. Sec. of Health and Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992). If the opinion of a treating source is not accorded controlling weight, the ALJ must consider factors such as the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and specialization of the source in determining the weight to give the opinion. *Wilson*, 378 F.3d at 544. An

---

procedures and little public interaction.

ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings. *Walters v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993).

The ALJ rejected Dr. Hendrickson's opinion on the ground that it is "inconsistent with the evidence of record." AR 24. Though the plaintiff asserts that the ALJ erred in doing so, she has not referred the court to any medical evidence in the record that would support Dr. Hendrickson's conclusion.[2] The Commissioner, however, claims that the majority of the plaintiff's medical treatment pertains to her ovarian cysts and uterine bleeding. When the plaintiff reported to the emergency room in May and June of 2004 due to her uterine bleeding, she was prescribed birth control pills, which she was concerned about taking because she was a smoker. AR 185-88. In June of 2004, Dr. Hendrickson stated that her uterine bleeding was reasonably stable. AR 225. An ultrasound performed in October of 2005 showed signs of bilateral ovarian cysts but was otherwise negative. AR 285.

With regard to the plaintiff's back, knee, and hip pain, x-rays taken of the plaintiff's thoracic and lumbar spine on April 12, 2004 revealed no abnormalities, *see* AR 184, 236, although the plaintiff had suffered a work-related accident on April 7, 2004. AR 329. Though the plaintiff's physicians repeatedly noted that she had chronic back pain, none of them suggested that she was completely disabled.

---

[2] In fact, the plaintiff does not cite to the administrative record once in her entire brief.

AR 222-25, 315-31.  Their treatment of the plaintiff was generally conservative.  *Id.*

With regard to the ankle fracture that the plaintiff suffered in May of 2005, the medical evidence shows that, after some initial discomfort, her physician, Dr. Shelby White, reported that she started "weight-bearing" in August of 2005.  AR 269-71, 312.  In September of 2005, Dr. White stated that she was "doing well."  AR 268.

Finally, on September 15, 2004, the plaintiff was diagnosed with an adjustment disorder with mixed anxiety, depression, and personality disorder, not otherwise specified.  AR 204-05.  The examiner noted that the plaintiff was talkative and friendly, and that her speech and thought were coherent.  AR 204.  She also suspected, however, that the plaintiff had trouble with alcohol abuse and stated that the plaintiff had previously been non-compliant with her outpatient treatment.  AR 205.  The examiner did not suggest that the plaintiff was disabled due to her mental condition.

In sum, though the record supports a finding that the plaintiff's ability to work is somewhat impaired, it does not suggest that the plaintiff is totally disabled, despite Dr. Hendrickson's statement.  Accordingly, the ALJ did not err in rejecting Dr. Hendrickson's opinion in favor of the less restrictive assessment provided by consultative physician Dr. Byron Westerfield, who opined that the plaintiff had a normal range of motion and no functional limitations.  AR 24, 159-64.  Ultimately, the ALJ incorporated more restrictions into his RFC than those recommended by Dr.

Westerfield. The ALJ properly weighed the medical evidence, and his findings are supported by substantial evidence.

### C. The Listing of Impairments

The plaintiff faults the ALJ for concluding that her "impairments were not severe enough to meet the impairments listed." DE 8, at 5-6. The court construes this as a claim that the ALJ improperly found that her impairments did not meet a listing in the Listing of Impairments at Step 3. However, as the plaintiff neither suggests what listing she believes her impairments met nor explains how her impairments satisfied the medical criteria of any listing, the court rejects this argument and finds that the ALJ did not err in concluding that the plaintiff did not meet or equal a listing.

### D. The ALJ's Credibility Determination

The plaintiff also alleges that "the pain associated with [her] restrictions was not considered" and that "the testimony of the claimant was ignored in this matter." DE 8, at 6-7. Apparently the plaintiff is arguing that the ALJ improperly evaluated her credibility.

The Commissioner is required to consider all of a claimant's symptoms, including pain, in determining whether she is disabled. 20 C.F.R. § 404.1529(a). Before these symptoms will lead to a finding of disability, however, medical signs must exist which show the claimant has an impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. § 404.1529(b). As the

discussion in Part III.B shows, the objective medical evidence does not support the plaintiff's claims of disabling pain.  Further, the ALJ noted that the plaintiff had been arrested for possession of a controlled substance and possession of marijuana in 2005.  AR 24, 349.  She also testified that, although she has no money to purchase medical care, her parents (with whom she lives) purchase roughly a pack-and-a-half of cigarettes per day for her.  AR 24, 353.  The ALJ stated that he carefully considered the plaintiff's testimony and the medical evidence of record in concluding that her complaints of pain were not credible, and the plaintiff has offered no evidence to refute that conclusion.  Thus, to the extent that she asserts it, the court rejects the plaintiff's claim that the ALJ erred in evaluating her credibility.  Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

Signed on July 9, 2007



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY